UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TEVIN I. CHANG,

    Plaintiff,

v.                                          Case No. 3:25-cv-563-MMH-MCR

FOREVER VETS LLC and
ALEJANDRA CLAYPOOL,

    Defendants.

## **O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff, Tevin I. Chang, initiated this action in state court on April 12, 2025, by filing his Verified Complaint and Jury Demand (Doc. 5; Complaint). Defendant Forever Vets, LLC, removed the action to this Court. See Defendant, Forever Vets, LLC's (Forever Vets), Notice of Removal (Doc. 1; Notice), filed May 22, 2025.[1] Upon review of the Complaint, the Court finds it is due to be stricken as an impermissible shotgun pleading with leave given to Chang to file a corrected complaint.[2]

---

[1] In the Notice, counsel for Forever Vets represents that he also represents Defendant Alejandra Claypool, who has not yet been served. See Notice at 1–2.

[2] Because the Court is striking Chang's Complaint, Defendant, Forever Vets, LLC's, Motion to Dismiss for Insufficient Process and Supporting Memorandum of Law (Doc. 9; Motion), filed May 28, 2025, is due to be denied as moot. If appropriate, in his corrected

A complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). Relevant here is the type of improper pleading that occurs when the plaintiff "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322–23; see, e.g., id. at 1323 n.13 (collecting cases). Indeed, Rule 10(b) requires that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count … ." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)).

Here, because Chang has failed to identify which claims he brings in which count of his Complaint, the Court—and Defendants—are left guessing as to the legal basis of his claims. Chang captions Count II a claim against Forever Vets for "unlawful race discrimination and unequal treatment," see Complaint

---

complaint, Chang may also address the concerns Forever Vets identifies in the Motion regarding the identity of the Defendant.

- 2 -

¶¶ 101–12, and captions Count III a claim against Forever Vets for "unlawful employment retaliation," see id. ¶¶ 113–20. But throughout his Complaint, he also alludes to a purported hostile work environment—for example, in paragraph three, Chang states that "[t]his action also involves [Forever Vet's] hostile work environment, harassment, adverse employment actions, and … unlawful retaliation … ." Id. ¶ 3; see also Amaya v. Vilsack, 23-cv-22838-Altman/Reid, 2024 WL 1285162, at *3 (S.D. Fla. Mar. 26, 2024) (admonishing the plaintiff for "shift[ing] between different theories of [Title VII] liability—sometimes even in the same sentence"). Notably, Chang does not bring a claim for hostile work environment, despite asserting in his retaliation claim in Count III that he had the right to stay employed with Forever Vets "after he reported and opposed the race-based discrimination, harassment, and the racially hostile work environment that he was experiencing." Id. ¶ 115. Because hostile work environment, discrimination, and retaliation claims are each "founded on a separate transaction or occurrence" and require the plaintiff to establish different facts, to the extent Chang seeks to raise hostile work environment, discrimination, and retaliation claims, each such claim should be stated in a separately identified count. See Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011) (rejecting plaintiff's argument that he had adequately alleged a hostile work environment claim where the complaint

- 3 -

contained only two counts—disability discrimination and retaliation). Similarly, if Chang does not intend to bring a claim for hostile work environment, he should clarify that by removing the language that supports such a claim. See generally id.[3]

In the Eleventh Circuit, shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d

---

[3] Moreover, if Chang intends to assert that Forever Vets retaliated against him by creating a hostile work environment (a "retaliatory hostile work environment" claim), that claim should be separated from any ordinary retaliation claims he brings. See Amaya, 2024 WL 1285162, at *3–4 (directing the plaintiff to plead a retaliatory hostile work environment claim separately from a claim based on a discrete act of retaliation).

- 4 -

at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead."). In light of the foregoing, the Court will strike Chang's Complaint and direct him to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement.").

Accordingly, it is

**ORDERED:**

1. Tevin I. Chang's Complaint (Doc. 5) is **STRICKEN**.

2. Defendant, Forever Vets, LLC's, Motion to Dismiss for Insufficient Process and Supporting Memorandum of Law (Doc. 9) is **DENIED AS MOOT**.

3. Chang shall file his Corrected Complaint consistent with the directives of this Order on or before **June 23, 2025**.[4] Failure to do so may result in the dismissal of this action.

4. Defendants shall respond to the Corrected Complaint in accordance with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, on June 9th, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of record

---

[4] The filing of the corrected complaint does not affect any right Chang may have to amend as a matter of course under Rule 15(a)(1).